**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| ROBBIE KNIGHT, | ) |
| | ) |
|             Plaintiff, | ) |
| vs. | ) |
| | ) Case No. _____ |
| CHINA SHIPPING (NORTH AMERICA) | ) |
| AGENCY CO., INC. | ) |
| | ) |
|             Defendant. | |

<u>**NOTICE OF REMOVAL**</u>

**TO:  JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, SAVANNAH DIVISION:**

COMES NOW Defendant China Shipping (North America) Agency Co., Inc., (hereinafter "Defendant China Shipping") and, preserving its defenses including lack of personal jurisdiction and improper party-defendant, files this Notice of Removal of the above-styled action from the State Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division.  In support of this removal, Defendant shows the following:

1.      On February 26, 2015, Plaintiff Robbie Knight ("Plaintiff") filed his Complaint in the State Court of Chatham County, Georgia, styled *Robbie Knight v. China Shipping (North America) Agency Co., Inc.*, Case No. STCV1600288 ("State Court Action").  Copies of all process, pleadings, orders, and other documents filed in the State Court Action are attached as Exhibit A.

2.      Defendant China Shipping was served on or about March 10, 2016, with the Complaint and Process.  (*See* Notice of Filing of Affidavit of Service for Defendant China Shipping (North America) Agency Co., Inc. attached as Exhibit A.)

3.     Fewer than thirty (30) days have transpired since receipt by Defendant China Shipping of the Complaint and Process, and the deadline for Defendant China Shipping to respond to the Complaint in the State Court of Chatham County has not passed.

4.     The Plaintiff's State Court Action is hereby removed to this Court under 28 U.S.C. § 1441, by virtue of the original jurisdiction this Court enjoys under both 28 U.S.C. § 1333 (admiralty jurisdiction) and 28 U.S.C. § 1332(a) (diversity jurisdiction).

## ADMIRALTY JURISDICTION UNDER 28 U.S.C. § 1333

5.     This Court enjoys original admiralty jurisdiction under 28 U.S.C. § 1333 over the maritime claims asserted by Plaintiff in his Complaint.

6.     For admiralty jurisdiction to attach, the case must satisfy both the traditional maritime locality test, and must bear a significant relationship, or "nexus," to traditional maritime activity.  *Sisson v. Ruby*, 497 U.S. 358, 362, 110 S.Ct. 2892, 2995-96, 111 L.Ed.2d 292 (1990); *Mink v. Genmar Indus. Inc.,* 29 F.3d 1543, 1545 – 1547 (11th Cir. 1994).

7.     The Complaint satisfies both the "locality" and "nexus" criteria for admiralty jurisdiction, since it asserts claims arising out of injuries Plaintiff alleges to have sustained while working as a longshoreman performing duties aboard the oceangoing vessel XIN HUANG PU while said vessel was located on the navigable waterways of the United States alongside the Georgia Ports Authority Container Berth CBO2 in the Port of Savannah.  (Complaint, ¶¶ 7, 8, 11).  The navigable waters alongside the GPA's cargo terminals are clearly a "traditional maritime locality," and longshoring activities related to the loading of cargo aboard oceangoing vessels is a traditional maritime activity supporting the exercise of admiralty jurisdiction.  *Solano v. Beilby*, 761 F.2d 1369, 1371 (9th Cir. 1985).

8.     This Court's original admiralty jurisdiction over the claims asserted by Plaintiff's Complaint permits this case to be removed under 28 U.S.C. § 1441, without regard to whether

the case is otherwise subject to diversity jurisdiction. *Junhong v. Boeing Co.*, 792 F.3d 805, 2015 BL 217423 (7th Cir. 2015); *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772 (S.D.Tex. 2013); *Wells v. Abe's Boat Rentals*, 2013 U.S.Dist.LEXIS 85534 (S.D.Tex. June 18, 2013); *Bridges v. Phillips 66 Co.*, 2013 U.S.Dist.LEXIS 164542 (M.D.La. Sept. 27, 2013).

9.      Prior to the landmark amendment to the removal jurisdiction statute in December 2011, a case sounding in admiralty could not be removed from state court to federal court unless the case was independently subject to diversity jurisdiction. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).  As explained by the *Junhong* and *Ryan* courts, however, the language of 28 U.S.C. § 1441 relied upon by *Romero* and its progeny was eliminated in the December 2011 amendment to that statute, thereby making admiralty cases brought in state court independently removable under admiralty jurisdiction, without regard to the existence of diversity jurisdiction. *See Junhong*, 2015 BL 217423 at *12, and 945 F.Supp.2d at 774 - 779.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

10.     Although a case subject to this Court's original admiralty jurisdiction under 28 U.S.C. § 1333 may now be removed without considering whether it is independently removable under diversity jurisdiction, this Court does in fact enjoy diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendant China Shipping, and more than $75,000.00 is "in controversy," exclusive of costs and interest.

11.     Upon information and belief, and as alleged by Plaintiff in his own Complaint, Plaintiff is a citizen of the State of Georgia. *See* Complaint at ¶ 1.

12.     As Plaintiff further concedes in his Complaint, Defendant China Shipping (North America) Agency Co., Inc. is a foreign corporation. *See* Complaint, ¶ 2.  Defendant China

Shipping is not incorporated in the State of Georgia, but is instead incorporated in the State of Delaware with its principal place of business in Montvale, New Jersey (Complaint, ¶ 2). Because Defendant China Shipping is not incorporated in Georgia, and does not have a principal place of business in Georgia, Defendant China Shipping is not a citizen of the State of Georgia.

13.     There is complete diversity between Plaintiff and Defendant China Shipping.

14.     The threshold "amount in controversy" requirement of diversity jurisdiction is also met in this case, as the injuries and categories of claims set forth in the Complaint contemplate damages to Plaintiff which, if proven and recoverable, will **more likely than not** exceed the threshold amount of $75,000.00, exclusive of interest and costs. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (removal allowed where amount in controversy can "more likely than not be satisfied").

15.     The Plaintiff's Complaint fails to set forth a specific damage amount sought, but the types and descriptions of the Plaintiff's injuries lead to the **plausible** conclusion that the "amount in controversy" in the case exceeds the jurisdictional limit of $75,000.00.   *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014)("a defendant's notice of removal need include only a **plausible allegation** that the amount in controversy exceeds the jurisdictional threshold.")(emphasis added).

16.     Where, as here, the complaint makes a claim for an unspecified amount of damages, removal to federal court is appropriate if "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (adopting the Fifth and Ninth Circuits' "facially apparent" approach).

17.     It is facially apparent from Plaintiff's Complaint that the injuries he alleges to have sustained lead to the plausible conclusion that more than $75,000.00 is at stake.  In that regard, Plaintiff seeks damages for "**pain and suffering, both physical and emotional**" along with "**permanent impairment,**" "medical expenses, past present and future," and lost wages (Complaint at ¶ 17), which are routinely compensated at levels far in excess of $75,000.00.

18.     By way of example, the Chatham County jury in *Deweese v. Ga. Ports Auth.*, 2012 WL 2335633, 2006-ST-CV-0600147 (Ga. State Ct. 2012),[1] awarded the plaintiff $5.6 million in a case involving an individual who sustained injuries to his neck and back while working as a longshoreman in the Port of Savannah.  (See Jury Verdict From, Exhibit B).  Mr. Deweese's jury verdict of over $5.6 million dollars arose from injuries that required treatment giving rise to medical expenses of only $87,759.95, meaning the overall jury verdict (which factored in claims for lost wages along with pain and suffering, similar to those sought by Plaintiff in the case at bar) calculates to over **<u>64.5 times</u>** the amount of Mr. Deweese's medical expenses.  Although the amount of Mr. Knight's medical expenses for treatment of his own permanent impairment and pain and suffering is not pled in the Complaint or known with specificity at this time, it is certainly plausible that under the significant multiplier applied by the Deweese jury, even relatively low medical expenses of between $2,000 - $10,000 could result in an "amount in controversy" above $75,000.00.

19.     In *Hancock v. City of Atlanta*, 2011 WL 9974813 (Ga. Super. Ct., February 25, 2011), a Fulton County, Georgia, jury awarded the plaintiff $1,144,750.00 in a negligence action

---

[1] Although the United States Supreme Court ruled in *Dart Cherokee Basin* that no evidence showing the amount in controversy need be presented by defendant in the initial Notice of Removal pleading, 135 S.Ct. at 555, representative awards are nonetheless provided here since this Court, in ascertaining whether the "amount in controversy" criterion is met, may rely upon "judicial experience and common sense" in making its determination.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

for injuries to the plaintiff's foot, sustained when she tripped on uneven payment.  Of particular note, the jury attributed $2,499.00 to past medical expenses, $125,166.00 to lost wages, and the remaining $1,017,085 to pain and suffering.

20.     In *Hobbs v. Noe*, 2010 WL 6635869 (Ga. Super. Ct., May 15, 2010), a Macon County, Georgia, jury awarded the plaintiff $650,000.00 where the plaintiff's primary injuries were factures to his left foot and right leg sustained in a motor vehicle accident.

21.     In *Law v. Norfolk S. Ry. Co.*, 2011 WL 9170245 (Ga. Super. Ct., October 25, 2011), a Fulton County, Georgia, jury awarded the plaintiff $180,455.00 in damages after he sustained left leg injuries as a result of stepping in a hole while working.

22.     In light of the "substantial" injuries alleged in Plaintiff's Complaint (Complaint, ¶ 11), and the history of jury verdicts in incidents similar to that set forth in the Complaint, it is indeed a "plausible allegation" that the $75,000.00 "amount in controversy" requirement set forth in 28 U.S.C. § 1332(a) is satisfied in the case at bar.

## ALL PROCEDURAL REQUIREMENTS FOR
## REMOVAL HAVE BEEN SATISFIED

23.     Defendant China Shipping objects to personal jurisdiction in this case.  Subject to and without waiving the foregoing objection, were personal jurisdiction proper in this case, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue would otherwise be proper in this Court because the United States District Court for the Southern District of Georgia, Savannah Division, is the federal judicial district embracing the State Court of Chatham County, Georgia, where the State Court Action was originally filed and where the facts and circumstances giving rise to the Plaintiff's injuries are alleged to have transpired.

24.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other documents filed in the State Court Action are attached as Exhibit C.

25.    Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days of Defendant China Shipping's receipt of Plaintiff's Complaint dated February 25, 2016.

26.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed with the Clerk of the State Court of Chatham County, Georgia.

27.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being given to all parties in this case.

WHEREFORE, Defendant China Shipping gives notice that the State Court Action has been removed to this Honorable Court.  By this Notice of Removal, Defendant China Shipping does not waive any objections it may have as to service, personal jurisdiction, or venue, or any other defenses or objections it may have to this action; Defendant China Shipping intends no admission of fact, law, or liability; and Defendant China Shipping expressly reserves all defenses, motions, and pleas.

Respectfully submitted this 8th day of April, 2016.

Respectfully submitted,
HUNTER, MACLEAN, EXLEY & DUNN, P.C.


/s/ Colin A. McRae
Colin A. McRae
Georgia Bar No. 499045
Heather H. Lundy
Georgia Bar No. 741021
*Attorneys for Defendant China Shipping (North America) Agency Co., Inc.*

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
cmcrae@huntermaclean.com
hlundy@huntermaclean.com