# Exhibit C

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

ROBBIE KNIGHT,                          )
                                        )
     Plaintiff,                         )
                                        )
v.                                      )     CIVIL ACTION NO: STCV1600288
                                        )
CHINA SHIPPING (NORTH                   )
AMERICA) AGENCY CO., INC.,              )
                                        )
     Defendant.                         )

### NOTICE OF FILING

COMES NOW Plaintiff and files Sheriff's Entry of Service showing Defendant China Shipping (North America) Agency Co., Inc. was served on March 10, 2016.

This 21st day of March, 2016.

Brent J. Savage
Georgia Bar No. 627450
Joshua H. Dorminy
Georgia Bar No. 822360

SAVAGE, TURNER & PINCKNEY
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

P.... 62273

Civil Action No. STCV1600238

Date Filed 2/26/16

2016 MAR -1 AM 11:53

|  |  |  |
|---|---|---|
| Superior Court ____ | | Magistrate Court ____ |
| State Court X | | Probate Court ____ |
| Juvenile Court ____ | | |

Georgia, Chatham COUNTY

Attorney's Address
Brent J. Savage
Savage & Turner, P. C.
Post Office Box 10600
Savannah, GA 31412

ROBBIE KNIGHT
_____ Plaintiff

Vs.

CHINA SHIPPING (NORTH AMERICA) AGENCY CO., INC.
_____ Defendant

Name and Address of Party to Be Served
China Shipping (North America) Agency Co., Inc.
c/o Corporation Service Agency, Reg. Agent
40 Technology Parkway, South #300
Norcross, GA 30092

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

____ I have this day served the defendant _____ personally with a copy the within action and summons

____ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County

Delivered same into hands of _____ described as follows
age, about ___ years; weight ___ pounds, height, about ___ feet and ___ inches, domiciled at the residence of defendant

✓ Served the defendant China Shipping (North America) Agency Co. a corporation by leaving a copy of the within action and summons with Alisha Smith, R.A. in charge of the office and place of doing business of said Corporation in this County

____ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons

____ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court

This 10 day of Mar 2016

J. Bowen S0333
DEPUTY

SHERIFF DOCKET _____ PAGE _____

SC-2 Rev 85

# STATE COURT OF CHATHAM COUNTY

133 MONTGOMERY STREET, SUITE 308, SAVANNAH, GEORGIA 31401
TELEPHONE: (912) 652-7224 • FACSIMILE: (912) 652-7229

ROBBIE KNIGHT, )
    Plaintiff, )
)
v. ) CIVIL ACTION NO: STCV1600288
)
CHINA SHIPPING (NORTH )
AMERICA) AGENCY CO., INC., )
)
    Defendant. )

2016 FEB 26 PM 4:15

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:   China Shipping (North America) Agency Co., Inc.
c/o Reg. Agent, Corporation Service Company
40 Technology Parkway South, # 300
Norcross, GA 30092

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Brent J. Savage
Savage, Turner & Pinckney
Post Office Box 10600
Savannah, GA 31412

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 26 day of Feb, 2016.

Carlton W. Blair, Jr., Clerk of Court
State Court of Chatham County, Georgia

By: _____
Deputy Clerk, State Court of Chatham County Georgia

Revised 7/98

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

2016 FEB 26  PM 4: 15

| | |
|---|---|
| ROBBIE KNIGHT, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: _____ |
| ) | |
| CHINA SHIPPING (NORTH ) | |
| AMERICA) AGENCY CO., INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, ROBBIE KNIGHT, Plaintiff in the above-styled action, and brings this his Complaint for Damages against the Defendant CHINA SHIPPING (NORTH AMERICA) AGENCY CO., INC., respectfully showing this Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Robbie Knight, is a resident of Savannah, Chatham County, Georgia.

2. Defendant CHINA SHIPPING (NORTH AMERICA) AGENCY CO., INC., is a Delaware corporation with its principal office and place of business located in Montvale, New Jersey.

3. At all times relevant hereto, Defendant CHINA SHIPPING (NORTH AMERICA) AGENCY CO., INC. was doing business in the State of Georgia within Savannah, Chatham County, Georgia. Defendant can be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South, # 300,

Norcross, GA 30092.

4. This cause of action is based upon injuries sustained by Plaintiff that occurred in Chatham County, Georgia.

5. Plaintiff brings this action under the Savings to Suitors clause of 28 USC § 1333, under Georgia law, and all laws supplementary and amendatory thereto.

6. Jurisdiction and venue are proper in this Honorable Court.

## II. FACTUAL ALLEGATIONS

7. On or about August 13, 2015, Plaintiff was working as a longshoreman aboard the vessel *M/V Xin Huang Pu* at Container Berth CB02.

8. In the course of his employment duties on said date and place, Plaintiff was directed to perform certain duties on *M/V Xin Huang Pu* and Plaintiff was lawfully on the vessel at all times mentioned herein.

9. Upon information and belief, Defendant fully represents the interests of China Shipping Container Lines Co., Ltd., the core business of China Shipping Group in North America, and the vessel *M/V Xin Huang Pu* was operated, captained and crewed by Defendant. Equipment on board the vessel was also managed by and under the control of Defendant.

10. At all times herein mentioned, the *M/V Xin Huang Pu* was located on the navigable waters of the United States and within the State of Georgia for the purpose of loading and discharge of cargo.

11. While in the process of performing his duties on the *M/V Xin Huang Pu*, a catwalk, or elevated walkway, Plaintiff was walking on gave way and collapsed, causing him substantial injury.

## III. CAUSES OF ACTION

### *A. Negligence*

12. Defendant had substantial control, oversight and knowledge of the equipment on board of the *M/V Xin Huang Pu*, and breached its duty to Plaintiff and other longshoreman by failing to exercise reasonable care to maintain the equipment and ensure that the workers aboard the vessel were provided with equipment fit for the equipment's intended use.

13. Defendant knew or should have known there was an unsafe risk that the catwalks on the vessel could give way and collapse if not properly maintained and inspected, which could result in substantial injuries to those working aboard the vessel.

14. Upon information and belief, Defendant was in charge of, responsible for, and/or had control over the catwalk at issue and breached its duties to Plaintiff by failing to maintain this equipment and by failing to ensure the equipment was reasonably fit for its intended use.

15. Plaintiff's injuries were not the result of any fault or negligence on the part of the Plaintiff, but were proximately caused by the negligence of Defendant, its agents, servants or employees, acting in the following respects:

    a. Negligent failure to maintain, inspect, and replace damaged or defective vessel equipment;

    b. Employment of incompetent officers, crew, and/or maintenance personnel responsible for maintaining, inspecting and replacing damaged or defective vessel equipment;

    c. Negligent failure to properly train officers, crew in the acts of

maintaining, inspecting and replacing damaged or defective vessel equipment;

d. Negligent failure to maintain the vessel and/or the container at issue in a reasonably safe condition and failure to provide Plaintiff with a reasonably safe place to work;

e. Negligent failure to warn Plaintiff of the defective condition of the *M/V Xin Huang Pu* and its appurtenances and vessel equipment;

g. Negligent failure to warn Plaintiff of the defective condition of the catwalk; and

h. Other acts of negligence which will appear more fully at the trial of this matter.

16. Defendants' above-described negligent acts and omissions constitute a proximate cause of the injuries sustained by Plaintiff.

## IV. INJURIES AND DAMAGES

17. Plaintiff brings this action against the Defendants to recover medical expenses, past present and future; lost wages, past, present and future; pain and suffering, both physical and emotional, past present and future; and permanent impairment.

18. Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, and such actions by entitling Plaintiff to recover attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for the following relief:

(A)  That summons and process issue and be served upon Defendant;

(B)  For a trial by a jury comprised of twelve persons;

(C)  That Plaintiff be awarded an appropriate sum to compensate him for his injuries and damages;

(D)  That Plaintiff be awarded reasonable attorneys' fees and litigation expenses; and

(E)  Such other and further relief as the Court deems just and proper.

This ___25___ day of February, 2016.

_____
Brent J. Savage
Georgia Bar No. 627450
Joshua H. Dorminy
Georgia Bar No. 822360

SAVAGE, TURNER & PINCKNEY
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

2016 FEB 26  PM 4: 15

| | | |
|---|---|---|
| ROBBIE KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: _____ |
| | ) | |
| CHINA SHIPPING (NORTH | ) | |
| AMERICA) AGENCY CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

**COMES NOW** the Plaintiff in the above-styled case, and requires the above-named Defendant to answer under oath and in writing the following interrogatories, within thirty (45) days from the date of service hereof.

### NOTICE AND DIRECTIONS

**NOTE A:** You are hereby required to respond to the Interrogatories, separately and fully in writing under oath, within thirty (45) days of service and serve a copy of the response upon Plaintiff's attorney.

**NOTE B:** When used in the Interrogatories the term "Defendant" or "you" or any synonym thereof, is intended to and shall embrace and include both China Shipping (North America) Agency Co., Inc. and China Shipping Container Lines Co., Ltd., individually, as well as all attorneys, agents, servants, representatives, private investigators and others who are in a position of obtaining or may have obtained information for or on behalf of Defendant relevant to these Interrogatories.

  (d) His or her place of employment.

 **NOTE F:** As used herein, terms in the singular include the plural and terms in the plural include the singular.

 1. Please state the name, address, and telephone number of each and every person who has or claims to have knowledge or information (including medical information) regarding any facts, circumstances, or issues involved in Plaintiff's Complaint.

 2. With regard to such persons identified in response to Interrogatory No. 1, please state the following:

  (a) Whether or not he or she was an eyewitness to the events leading to Plaintiff's injuries or, if not, the nature of the information he or she has; and

  (b) His or her employer and job title at the time of Plaintiff's injury; and

  (c) A brief summary of the knowledge said person has or claims to have regarding the injury or any issue in this lawsuit.

 3. Please state the name, address and telephone number of those persons whose formal or informal statements, verbal or written, were obtained by you or any of your representatives in connection with the incident in question or any issue in this lawsuit. State the date of each statement, state where it was obtained, and identify by name, address and telephone number the person obtaining it.

 4. Do you have in your possession or do you have access to a written or recorded statement or summary of notes of an oral statement by the Plaintiff? If so,

please state the date of each statement, where it was obtained, and identify by name, address and telephone number the person obtaining it.

5. Please state the name, address, telephone number, employer, and job title of any person or persons who made any investigations or reports as a result of or in connection with the incident giving rise to this lawsuit, and identify by title each report or other document resulting from same.

6. Do you have, or does your attorney or other representative have any photographs, videotapes, sketches, diagrams, blueprints, plans, etc., taken or made in connection with the Plaintiff's injury or the matters and things involved in Plaintiff's claim or this lawsuit?

7. Please state the name, address, telephone number, and field of expertise of any person you have consulted or will consult as an expert witness or consultant in this case, irrespective of whether you intend to call or not call said person to testify in this matter.

8. Please state the name, field of expertise, office address, and date of each examination or treatment for each physician who treated or examined the Plaintiff on your behalf at any time after the injury described in the Plaintiff's Complaint.

9. At the time of the Plaintiff's injury as described in the Complaint, were there any policies (primary or excess) of insurance insuring your liability for the type of risk sued on herein? If so, please state:

    (a) The name and address of each such insurer;

    (b) The policy number and limits of liability for each type of coverage; and

   (c) The nature of any exclusions.

10. Please state the wording of any safety or operating rules, regulations or recommendations, whether written or verbal, pertaining to Plaintiff's work activity at the time of the injury described in the Complaint.

11. Please state the name, address, and official capacity of the person or persons who answered or aided or consulted in answering these interrogatories.

12. Were any written reports made of any inspections of the catwalk/elevated walkway that is alleged to have injured the Plaintiff prior to or subsequent to Plaintiff's injury? If so, please state:

   (a) The present location of copies of said report; and

   (b) The names of the persons making such reports.

13. If any oral reports were made of any such inspections referred to in the preceding interrogatory, please state the date of such report, and from whom and to whom said reports were made last preceding and first following Plaintiff's injury.

14. Did anyone give notice, or make complaints about the catwalk or elevated walkway just described prior to the time of Plaintiff's injury? If so, please state:

   (a) The name, address and job classification of all such persons;

   (b) Whether said notice or complaint was put in writing and, if so, the present location of said written document.

15. Are you in possession of photographs or videotapes in which the Plaintiff appears or of the site of Plaintiff's injury either before or after it occurred? If so, please state:

   (a) How many photographs or videotapes were made?

  (b) When and where were they made?

  (c) The name and present address of by whom they were made; and

  (d) The name and present address of the person who presently has possession of them.

17. Who is responsible for maintaining the catwalks/elevated walkways?

18. The name, business and home addresses of the officers, directors and shareholders of the Defendant.

19. State which documents Defendant possesses, maintains or has access to which state the specifications for the inspection, maintenance and replacement of the subject vessel's equipment.

This 25 day of February, 2016.

             Brent J. Savage
             Georgia Bar No. 627450
             Joshua H. Dorminy
             Georgia Bar No. 822360

SAVAGE, TURNER & PINCKNEY
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

2016 FEB 26  PM 4:15

| | |
|---|---|
| ROBBIE KNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: _____ |
| ) | |
| CHINA SHIPPING (NORTH ) | |
| AMERICA) AGENCY CO., INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT

COMES NOW, Plaintiff in the above-styled case, and requires the above-named Defendants, pursuant to O.C.G.A. §9-11-34 to produce for inspection and copying at the offices of the Plaintiff's attorney of record, Brent J. Savage, Savage Turner Pinckney & Madison, 201 East Liberty Street, Eighth Floor, Savannah, Georgia 31401, the following documents within forty-five (45) days of the date of service of this request.

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which the Defendants objects to producing.

**NOTE A:**  These requests are continuous and should be supplemented if additional information is received at a later date.

**NOTE B:**  If documents requested are not in the Defendants' possession, please state as follows:

(1)  name of person who has possession or knowledge of whereabouts;

(2)  business address of such;

(3)  business telephone number of such.

**NOTE C:**  If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

1. Any and all accident records, reports, memoranda and emails relating to the Plaintiff in Defendant's possession.

2. The entire crew list of the *M/V Xin Huang Pu* and the employee list of the *M/V Xin Huang Pu* for the voyage and activity at issue herein, including addresses and telephone numbers.

3. Any and all log books (or other records) kept by the *M/V Xin Huang Pu* for the aforesaid voyage, or by Defendant for the involved activity, including where applicable, but not limited to, the following:

   (a)  Deck logs;

   (b)  Engineer's logs;

   (c)  Medical logs;

   (d)  Radio logs;

   (e)  Repair and maintenance logs; and

   (f)  Electrical work logs.

4. Any and all statements, including of the Plaintiff, either oral or written, signed or unsigned, and/or any and all recordings, by whatever means, relating to the incident complained of herein.

5.  All photographs, videotapes, records, and any other depiction or written descriptions taken by the Defendant or its representatives, involving, concerning, regarding or in any way connected with the matters at issue herein, including specifically any of Plaintiff.

6.  Any and all reports, notes, memoranda, correspondence, emails and related data made or kept by the Defendant, its agents, and/or employees, for or on behalf of or in the interest of the Defendant, and kept in its regular course of business, currently in existence or in its custody, possession and control, pertaining to Plaintiff's injury and claim against Defendant herein.

7.  All communications transmitted or received in connection with Plaintiff's injuries.

8.  All U.S. Coast Guard, Occupational Safety and Health Administration, or other reports or accident reports filed in connection with Plaintiff's injury.

9.  All medical and other types of bills paid by Defendant for medical treatment or services for Plaintiff or otherwise paid on Plaintiff's behalf.

10. All expert's reports, test results, data relied on, and other information upon which said expert has relied or utilized to formulate his opinion, irrespective of whether said expert will or will not be called to testify or whether his or her opinion is not yet finalized.

11. Copies of all policies of insurance (whether primary or excess) pertaining to the claims made in this lawsuit.

12. All safety and/or operating rules, pamphlets, books, newsletters, posted notices, and other such safety or operating rules or regulations in effect at the time of

the incident that forms the basis of this litigation.

13. All contracts existing between the Defendant and between any other company or entity concerning the activities, vessel, crew members, etc., pertaining to the work activities undertaken on the date of Plaintiff's injury.

14. Copies of any diagrams, sketches, drawings, blueprints, etc., of the area of the *M/V Xin Huang Pu* where Plaintiff's injury occurred.

15. All maintenance and repair records, if any, relating to the equipment and/or area of the *M/V Xin Huang Pu* where Plaintiff's injury occurred, whether made before or after Plaintiff left the vessel.

16. All written reports of routine or special inspections made of the equipment and/or area of the *M/V Xin Huang Pu* where Plaintiff's injury occurred, whether made before or after Plaintiff left the vessel.

This 25 day of February, 2016.

Brent J. Savage
Georgia Bar No. 627450
Joshua H. Dorminy
Georgia Bar No. 822360

SAVAGE, TURNER & PINCKNEY
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

2016 FEB 26  PM 4: 15

| | |
|---|---|
| ROBBIE KNIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO: _____ |
| CHINA SHIPPING (NORTH AMERICA) AGENCY CO., INC., | ) ) ) ) |
| Defendant. | ) |

### CERTIFICATION UNDER RULE 3.2

Pursuant to Rule 3.2 of the Georgia Uniform State Court Rule, I hereby certify that this petition-pleading does not involve substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the Judge whom the original action was or is assigned.

This 25 day of February, 2016.

Brent J. Savage
Georgia Bar No. 627450
Joshua H. Dorminy
Georgia Bar No. 822360

SAVAGE, TURNER & PINCKNEY
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

# General Civil Case Filing Information Form (Non-Domestic)

**Court**  County  CHATHAM  **Date Filed** _____
☐ Superior                                    MM-DD-YYYY
☑ State  Docket # _____

**Plaintiff(s)**

KNIGHT, ROBBIE
Last    First    Middle I.    Suffix  Prefix    Maiden

_____
Last    First    Middle I.    Suffix  Prefix    Maiden

_____
Last    First    Middle I.    Suffix  Prefix    Maiden

_____
Last    First    Middle I.    Suffix  Prefix    Maiden

**No. of Plaintiffs** 1

**Defendant(s)**

CHINA SHIPPING (NORTH AMERICA) AGENCY CO
Last    First    Middle I.    Suffix  Prefix    Maiden

_____
Last    First    Middle I.    Suffix  Prefix    Maiden

_____
Last    First    Middle I.    Suffix  Prefix    Maiden

_____
Last    First    Middle I.    Suffix  Prefix    Maiden

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**    ☐ Pro Se

SAVAGE, BRENT J.
Last    First    Middle I.    Suffix

**Bar #** 627450

### Check Primary Type (Check only ONE)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Personal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgement Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☑ Tort (If tort, fill in right column)
☐ Other General Civil (Specify) _____

### If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☑ Other (Specify) Container Ship Liability

**Are Punitive Damages Pleaded?** ☐ Yes ☑ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1