**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| ROBBIE KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | 4:16-CV-00087-WTM-GRS |
| | ) | |
| CHINA SHIPPING CONTAINER LINES CO. LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 JUL -6 PM 4: 26
CLERK
SO. DIST. OF GA.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**COMES NOW**, ROBBIE KNIGHT, Plaintiff in the above-styled action, and brings this his First Amended Complaint for Damages against the Defendant CHINA SHIPPING CONTAINER LINES CO. LIMITED, respectfully showing this Court as follows:

**I. PARTIES, JURISDICTION AND VENUE**

1. The Plaintiff, Robbie Knight, is a resident of Savannah, Chatham County, Georgia.

2. Defendant China Shipping Container Lines Co. Limited, is a foregin corporation.

3. At all times relevant hereto, Defendant China Shipping Container Lines Co. Limited was doing business in the State of Georgia within Savannah, Chatham County, Georgia. Per agreement, counsel for former defendant China Shipping (North America) Agency, Co., Inc. has agreed to accept service on behalf of Defendant China

Shipping Container Lines Co. Limited. (See Doc. 13, p. 2).

4. This cause of action is based upon injuries sustained by Plaintiff that occurred in Chatham County, Georgia.

5. Plaintiff brings this action under 33 U.S.C. § 905(b), the Savings to Suitors clause of 28 USC § 1333, under Georgia law, and all laws supplementary and amendatory thereto.

6. Jurisdiction and venue are proper in this Honorable Court.

## II. FACTUAL ALLEGATIONS

7. On or about August 13, 2015, Plaintiff was working as a longshoreman aboard the vessel *M/V Xin Huang Pu* at Container Berth CBO2.

8. In the course of his employment duties on said date and place, Plaintiff was directed to perform certain duties on *M/V Xin Huang Pu* and Plaintiff was lawfully on the vessel at all times mentioned herein.

9. Upon information and belief, the vessel *M/V Xin Huang Pu* was operated, captained and crewed by Defendant . Equipment on board the vessel was also managed by and under the control of Defendant.

10. At all times herein mentioned, the *M/V Xin Huang Pu* was located on the navigable waters of the United States and within the State of Georgia for the purpose of loading and discharge of cargo.

11. While in the process of performing his duties on the *M/V Xin Huang Pu,* a catwalk, or elevated walkway, Plaintiff was walking on gave way and collapsed, causing him substantial injury.

## III. CAUSES OF ACTION

### *A. Negligence*

12. Defendant had substantial control, oversight and knowledge of the equipment on board of the *M/V Xin Huang Pu*, and breached its duty to Plaintiff and other longshoreman by failing to exercise reasonable care to maintain the equipment and ensure that the workers aboard the vessel were provided with equipment fit for the equipment's intended use.

13. Defendant knew or should have known there was an unsafe risk that the catwalks on the vessel could give way and collapse if not properly maintained and inspected, which could result in substantial injuries to those working aboard the vessel.

14. Upon information and belief, Defendant was in charge of, responsible for, and/or had control over the catwalk at issue and breached its duties to Plaintiff by failing to maintain this equipment and by failing to ensure the equipment was reasonably fit for its intended use.

15. Plaintiff's injuries were not the result of any fault or negligence on the part of the Plaintiff, but were proximately caused by the negligence of Defendant, its agents, servants or employees, acting in the following respects:

a. Negligent failure to maintain, inspect, and replace damaged or defective vessel equipment;

b. Employment of incompetent officers, crew, and/or maintenance personnel responsible for maintaining, inspecting and replacing damaged or defective vessel equipment;

c. Negligent failure to properly train officers, crew in the acts of maintaining, inspecting and replacing damaged or defective vessel

equipment;

d. Negligent failure to maintain the vessel and/or the container at issue in a reasonably safe condition and failure to provide Plaintiff with a reasonably safe place to work;

e. Negligent failure to warn Plaintiff of the defective condition of the *M/V Xin Huang Pu* and its appurtenances and vessel equipment;

g. Negligent failure to warn Plaintiff of the defective condition of the catwalk; and

h. Other acts of negligence which will appear more fully at the trial of this matter.

16. Defendant's above-described negligent acts and omissions constitute a proximate cause of the injuries sustained by Plaintiff.

## IV. INJURIES AND DAMAGES

17. Plaintiff brings this action against the Defendant to recover medical expenses, past present and future; lost wages, past, present and future; pain and suffering, both physical and emotional, past present and future; and permanent impairment.

18. Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, and such actions by entitling Plaintiff to recover attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for the following relief:

(A) That summons and process issue and be served upon Defendant;

(B) For a trial by a jury comprised of twelve persons;

(C) That Plaintiff be awarded an appropriate sum to compensate him for his injuries and damages;

(D) That Plaintiff be awarded reasonable attorneys' fees and litigation expenses; and

(E) Such other and further relief as the Court deems just and proper.

This 18th day of June, 2016.

/s/ Brent J. Savage, Jr.
Brent J. Savage
Georgia Bar No. 627450
Brent J. Savage, Jr.
Georgia Bar No. 940349

SAVAGE, TURNER & PINCKNEY
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing, and sent to the following:

Colin A. McRae, Esq.
Hunter, Maclean, Exley & Dunn, P.C.
200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
cmcrae@huntermaclean.com

This 18th day of June, 2016.

/s/ Brent J. Savage, Jr.
Brent J. Savage, Jr.
Georgia Bar No. 940349
Attorney for Plaintiff

SAVAGE, TURNER & PINCKNEY
P.O. Box 10600
Savannah, GA 31412
(912) 231-1140